| | | |
|---|---|---|
| ROGER H. BOWLIN, | ) | |
| | ) | |
| Petitioner/Appellant, | ) | Appeal No. |
| | ) | 01-A-01-9805-CH-00246 |
| v. | ) | |
| | ) | Davidson Chancery |
| JOHN KNOX WALKUP, | ) | No. 98-184-II |
| Attorney General for the State | ) | |
| of Tennessee; | ) | |
| DONAL CAMPBELL, | ) | |
| Commissioner of Correction for | ) | |
| the State of Tennessee, | ) | |
| | ) | |
| Respondents/Appellee. | ) | |
| | ) | |

FILED

January 27, 1999

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE

THE HONORABLE CAROL L. McCOY, CHANCELLOR

ROGER H. BOWLIN, Pro Se
D.S.N.F. Health Center
7575 Cockrill Bend Industrial Road
Nashville, Tennessee  37209-1057

JOHN KNOX WALKUP
Attorney General and Reporter

ELIZABETH B. MARNEY
Assistant Attorney General
425 Fifth Avenue, North
Nashville, Tennessee  37243
ATTORNEYS FOR RESPONDENTS/APPELLEES

AFFIRMED AND REMANDED

WILLIAM B. CAIN, JUDGE

# OPINION

On January 21, 1998, petitioner, an incarcerated prisoner, filed a "petition for declaratory judgment" against the Attorney General of Tennessee and the Tennessee Commissioner of Corrections, seeking to have Chapter 72, section 1 of the Public Acts of 1955 previously codified as Tennessee Code Annotated section 39-3901 declared unconstitutional.

In light of the fact that the portion of the statute of which appellant now purports to complain was repealed by the General Assembly of Tennessee in Chapter 192, section 4 of the Public Acts of 1973, a full five years prior to Appellant's indictment on the offenses for which he is now incarcerated, there is thus no justiciable controversy in this case and petitioner has neither standing nor interest in challenging this former statute. *Parks v. Alexander*, 608 S.W.2d 881, 885 (Tenn.App.1980).

The Chancery Court of Davidson County dismissed the petition in this case observing that petitioner had only two remedies for challenging his criminal conviction in addition to a direct appeal. Such remedies are 1) a petition for a writ of habeas corpus under Tennessee Code Annotated section 29-21-101 et seq. and 2) a petition for post conviction relief pursuant to Tennessee Code Annotated section 40-30-201, et seq.

The holding of the chancellor is clearly correct and since no justiciable controversy is presented under the Declaratory Judgments Act, the dismissal by the chancellor was clearly correct and same is affirmed. Tenn. Code Ann. § 29-14-101-113 (1980).

Costs are assessed against petitioner, Roger H. Bowlin.

_____
                                    WILLIAM B. CAIN, JUDGE

CONCUR:

_____
BEN H. CANTRELL, PRES. JUDGE, M.S.


_____
PATRICIA J. COTTRELL, JUDGE